## Lawver and Walter v. Snyder County Poor Directors.

*E. E. Pawling,* for citation; *J. G. Weiser,* for demurrer.

POTTER, P. J., Sept. 17, 1929.—It is admitted that David Lawver is, and for some time has been, a pauper supported by the Directors of the Poor of Snyder County. He is an old man, upwards of seventy-two years of age, and has an incurable disease of the heart, as testified to by Dr. A. J. Herman, his physician, which has progressed so far as to greatly endanger his life should he be put to manual labor. He is a peculiar old man, with decidedly set ways of his own. Several places were secured where he could be kept and maintained for pay with families in his neighborhood, he being unmarried and having no place to go.

To some of these places he would not go and at others he stayed a day or two and then came back to the home of Ammon C. Walter, with whom he has been living for some time. Walter says he does not want him, but will not turn him out on the street to perish. Of course, it is plain law that a pauper must go to the place prepared or secured for him, if of a decent character, or the directors of the poor may strike his name from their books. But if, in this case, that was done, this old man might perish on the public highway unless some kindly-disposed person took him in. He must not be left to perish, peculiar and set in his ways as he may be. Humanity demands that he be cared for somewhere and somehow. Apparently he will stay nowhere but at Walter's, and Walter cannot and will not turn him out to die. If he did, an action of some kind might lie against him as being directly or indirectly the cause of the pauper's death. But who is to pay Walter for keeping Lawver? Lawver cannot. Then who will or should? Surely Walter cannot be expected to keep

him for nothing. He is a poor man himself and cannot do it. His maintenance naturally falls upon the directors of the poor. This is a peculiar case. The directors of the poor have the law on their side, strictly speaking, and they have a question here that may be hard for them to solve. There is no doubt in our minds but that they want to do their full duty to this contrary old man, but the trouble is that he will not try to adapt himself to their provisions or endeavors for him.

Walter and Lawver have presented their joint petition to us asking for a citation in the Quarter Sessions on the directors of the poor, requiring them to show cause why they should not pay Walter for the time he has kept and maintained this pauper. The directors of the poor set up that they never placed the pauper with Walter and had no contract with him. Sanders, a member of the poor board, says when Lawver would stay no place but at Walter's, he offered him $10 a month to keep him, which was refused. Walter says that Gemberling and Oldt, the other two members of the poor board, promised him $12 a month to keep Lawver. And, strange to say, this is not denied in the testimony. It was orally denied by counsel at the argument, but we have no denial on the record, although we were told these two men would be called to deny it, but they were not called.

We think Walter should be paid. It is not his fault that Lawver will stay at no other place, and it is not his fault that this pauper insists on staying with him, but he must be cared for somewhere.

The demurrer sets up that the Court of Quarter Sessions has not jurisdiction of the matter of Walter's claim and that the Court of Common Pleas has by an action of *assumpsit*. This may be designated as a technical objection, and it is, but the several courts have their individual scope to cover. And it may be said that no difference in which court this question is settled, it should be settled. We heartily agree that it should be settled, but we cannot go beyond the powers and jurisdictions of each court. Each class of our courts has its own peculiar class of controversies to settle. We have examined the cases cited as well as others that are not cited. We find that disputes between two poor districts, involving money matters, must be settled in the Quarter Sessions. So must the maintenance of the pauper when brought by himself. Also, the place of his settlement, but individual claims against the poor board must be brought in the Common Pleas in an action of *assumpsit*. And this proposition is supported by the cases of Redmond *v.* Poor District, 5 D. R. 731, 18 Pa. C. C. Reps. 276, and Directors of the Poor of Chester County *v.* Malany, 64 Pa. 144. The Quarter Sessions has not concurrent jurisdiction in claims like the one under consideration. We have looked in vain for cases conferring this jurisdiction on the Quarter Sessions, because of which we must hold that in the Quarter Sessions we cannot dispose of the claim of Walter. It should be brought in the Common Pleas as a common law action in *assumpsit*.

We are sorry we cannot make an order in this court for payment to Walter, and we very much dislike to oblige him to bring a suit in the Common Pleas. But, in order to prevent further litigation and to settle this question, we suggest that the directors of the poor pay to Walter, and that he accept, the sum of $10 a month for the time he has kept Lawver, and that he be permitted to continue to stay with him at this rate. It is earnestly hoped that both parties will act on this suggestion and that the matter may be adjusted as we have indicated. This is the order we would make had we the authority to do so in this court.

And now, to wit, Sept. 17, 1929, the demurrer is sustained.

From A. Francis Gilbert, Lewisburg, Pa.